PEOPLE v FORREST

Docket No. 83557. Submitted March 11, 1986, at Detroit. Decided
    April 20, 1987. Leave to appeal applied for.

Defendant, Virginia Lynne Forrest, and Joanne Cook were
    charged with conspiracy to possess marijuana with intent to
    deliver and Cecilia Swistak was charged with possession of
    marijuana with intent to deliver. At an evidentiary hearing,
    the evidence showed that Swistak asked a police officer if he
    had any marijuana and told him that she could sell it for him.
    The officer told Swistak that he had two hundred pounds of
    marijuana and agreed to meet with Swistak and her connec-
    tions to arrange the sale. At the meeting, the officer met
    defendant, who told him that the connection was hers and that
    the lady who would be buying the marijuana would not deal
    with Swistak unless she, Forrest, was also present. Defendant
    further indicated to the officer that she was making some
    money on the deal but did not intend to do any further deals.
    Ultimately, defendant's connection arrived and the sale was
    made, after which all the participants were arrested. The
    Recorder's Court of Detroit, Donald L. Hobson, J., dismissed the
    charge against defendant, finding her to have been entrapped.
    The people appealed.

    The Court of Appeals *held:*

    1. A defendant may lack standing to raise a defense of
    entrapment where a police informant's activities were directed
    only against a codefendant and were not within the knowledge
    of the defendant, but where charges against a defendant and
    codefendant arise from the same impermissible police conduct
    it is proper for the trial court to apply its findings on the issue

REFERENCES

Am Jur 2d, Criminal Law §§ 202 *et seq.*

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 43, 46, 47.

Modern status of the law concerning entrapment to commit narcot-
    ics offense—federal cases. 22 ALR Fed 731.

Modern status of the law concerning entrapment to commit narcot-
    ics offense—state cases. 62 ALR3d 110.

Entrapment to commit offense with respect to narcotics law. 33
    ALR2d 883.

of entrapment to both defendants. Defendant had standing to raise the defense of entrapment.

2. The objective test for entrapment focuses on whether the actions of the police were so reprehensible under the circumstances that public policy will not permit the defendant's conviction to stand. The fact that a drug was provided by the government is certainly one factor to consider, but that factor must be considered along with all the other facts of the case. Entrapment is not a defense where the record supports the conclusion that the idea for a crime did not originate with the police and that the police were merely responding to orders of those who had conceived the crime and providing them with an opportunity to commit the crime. Under the circumstances, the court's finding of entrapment was clearly erroneous.

Reversed and remanded.

J. E. TOWNSEND, J., concurred separately for the reason that the crime of conspiracy was complete before the police furnished any marijuana.

1. CRIMINAL LAW — DEFENSES — ENTRAPMENT — MULTIPLE DEFEN-DANTS.

A defendant may lack standing to raise a defense of entrapment where a police informant's activities were directed only against a codefendant and were not within the knowledge of the defendant, but where charges against a defendant and codefendant arise from the same impermissible police conduct it is proper for the trial court to apply its findings on the issue of entrapment to both defendants.

2. CRIMINAL LAW — DEFENSES — ENTRAPMENT — OBJECTIVE TEST FOR ENTRAPMENT.

The objective test for entrapment focuses on whether the actions of the police were so reprehensible under the circumstances that public policy will not permit the defendant's conviction to stand; under this test the defendant's guilt or innocence is irrelevant, and the burden is on the defendant to show by a preponderance of the evidence that he was entrapped.

3. CONTROLLED SUBSTANCES — ENTRAPMENT.

The defense of entrapment in a narcotics case is not always available where the prosecution is aimed at the sale of contraband originally obtained from a government agent; the fact that a drug was provided by the government is certainly one factor to consider, but that factor must be considered along with all the other facts of the case.

4. CRIMINAL LAW — ENTRAPMENT — POLICE CONDUCT.

> Entrapment is not a defense where the record supports the conclusion that the idea for a crime did not originate with the police and that the police were merely responding to orders of those who had conceived the crime and providing them with an opportunity to commit the crime.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *A. George Best II,* Assistant Prosecuting Attorney, for the people.

*Stephen T. Rabaut,* for defendant.

Before: BRONSON, P.J., and R. B. BURNS and J. E. TOWNSEND,* JJ.

PER CURIAM. In this appeal, the prosecutor appeals as of right from an order of the Detroit Recorder's Court suppressing the evidence against the defendant and dismissing the charge, based on a finding of entrapment. We reverse.

Defendant, Virginia Lynne Forrest, and codefendants Joanne Cook and Cecilia Swistak were originally charged with one count of possession of marijuana with the intent to deliver and one count of conspiracy to possess marijuana with the intent to deliver. Following a preliminary examination, defendant Forrest and Joanne Cook were bound over for trial only on the conspiracy charge. Codefendant Swistak was bound over for trial for possession of cocaine and possession of a firearm during the commission of a felony, but the conspiracy charge was dismissed based on a finding of entrapment. Prior to trial, defendant and Cook gave notice of their intention to raise the defense of entrapment. An evidentiary hearing was held

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on the issue at which the trial court found that defendant had been entrapped. It is from that ruling that the prosecutor appeals.

The alleged improper police conduct in this case involved a reverse-buy transaction, where the police furnished the marijuana that served as the basis of the charges against the defendant and codefendants. At the evidentiary hearing, Detroit police officer William Bowman testified that he had previously purchased cocaine from Swistak as part of an ongoing investigation. At one point, intending to withdraw from the investigation, Bowman informed Swistak that he was leaving to go to Florida to find a new marijuana source. A couple of weeks later, Bowman was asked to reestablish contact with Swistak because the other officers had been unable to contact her. During a telephone conversation, Swistak asked Bowman if he had returned with any marijuana and indicated that she could sell it for him. Bowman stated that he had obtained two hundred pounds of marijuana which he would sell for $70,000. Officer Bowman further testified that he was very surprised when Swistak indicated an interest in the marijuana because he had called her solely to arrange the purchase of more cocaine and had not intended to initiate a sale with her for the marijuana.

After several more telephone conversations, Bowman agreed to meet with Swistak and her connections to arrange the sale. At that point, Bowman did not know the identity of Swistak's connections. When Bowman arrived at the agreed-upon location, he was introduced to defendant Forrest. Forrest told him that the connection was hers and that the lady who would be buying the marijuana would not deal with Swistak unless she, Forrest, was also present. Defendant further indicated to Bowman that she was making some

money on the deal but did not intend to do any further deals. Ultimately, defendant's connection arrived and the sale was made, after which all the participants were arrested.

Initially, the prosecutor asserts that the trial court erred in finding that defendant had standing to argue the defense of entrapment. We disagree.

This Court has held that a defendant lacks standing to raise the defense of entrapment where an informant's activities were directed only at a codefendant and were not within the knowledge of the defendant. *People v Soltis,* 104 Mich App 53, 55; 304 NW2d 811 (1981), lv den 411 Mich 1037 (1981). However, where charges against a defendant and codefendant arose from the same allegedly impermissible police conduct, it is proper for a trial court to apply its entrapment findings to both defendants. *People v Matthews,* 143 Mich App 45, 54; 371 NW2d 887 (1985).

Here, we disagree with the prosecutor's argument that Swistak was the only defendant who had standing to raise the entrapment defense. Defendant first learned about the two hundred pounds of marijuana through Swistak, who had Bowman's permission to try to set up a transaction. Thereafter, defendant met with Bowman personally on one occasion before the transaction was actually carried out. During that meeting, defendant indicated her involvement in the sale and Bowman expressed his intention of selling to the defendant's buyer. Thus, under *Soltis,* the allegedly improper furnishing of marijuana was with the knowledge of defendant. Also, because the charges against both Swistak and defendant arose out of the reverse-buy transaction, it was proper for the trial court to allow the defendant to assert entrapment.

The trial court also found that Officer Bowman's

conduct in the reverse-buy transaction was reprehensible and therefore constituted entrapment of the defendant. The prosecutor argues that the court erred in finding entrapment under the facts of this case. We agree with the prosecutor.

In *People v Matthews, supra,* p 54, this Court summarized the defense of entrapment as follows:

> Michigan has adopted the objective test for entrapment, focusing on whether the actions of the police were so reprehensible under the circumstances that public policy will not permit defendant's conviction to stand. *People v Turner,* 390 Mich 7, 22; 210 NW2d 336 (1973). The purpose of the entrapment doctrine is to deter unlawful police activities and preclude judicial approval of impermissible government conduct. *People v D'Angelo,* 401 Mich 167, 172-173; 257 NW2d 655 (1977). The defendant's guilt or innocence is irrelevant. *Id.,* p 179. The defendant has the burden of showing by a preponderance of the evidence that he was entrapped, and the lower court's findings will not be disturbed unless clearly erroneous. *Id.,* pp 180-183.

Defendant cites a plethora of authority from many jurisdictions to support her position that the police department's providing of the marijuana which was sold to her constitutes entrapment. However, we believe that the instant case is similar to and controlled by *People v Duke,* 87 Mich App 618; 274 NW2d 856 (1978). In *Duke,* the defendant was charged with possession of heroin. The State Police had received information that a prison guard was smuggling drugs into the prison. A female officer, posing as the wife of a prisoner, obtained some heroin and a deal was arranged where the defendant would pick up the heroin. After leaving with the heroin, defendant was arrested. At the entrapment hearing, defendant ar-

gued, as does the present defendant, that he was entrapped because the police supplied the substance which provided the basis of the possession charge.

In reversing the trial court's finding of entrapment, this Court stated:

> [D]efendant relies upon the fact that the heroin which provides the basis for the possession charge was supplied by the police. In support of this theory, defendant cites *People v Stanley,* 68 Mich App 559; 243 NW2d 684 (1976). There, the Court held that the defense of entrapment is available where the prosecution is aimed at the sale of contraband originally obtained from a government agent. In addition, *Stanley* involved a situation where a state police detective feigned withdrawal sickness to bring about the sale.
>
> The present case, however, involves neither an appeal to defendant's sympathies, nor a "take-back" sale. Rather, the present case involves a situation where the police, in response to orders from the persons involved in the criminal enterprise, delivered a quantity of heroin to defendant. Although the fact that the drugs were provided by the government in this case is certainly one factor to consider, that factor must be considered along with all the other facts of the case.
>
> We now hold that the trial judge erred in ruling that entrapment had occurred. The record supports the conclusion that the idea for the crime did not originate with the police. The police had no role in determining how the transfer of the drugs would be carried out. The police were merely responding to the orders of those who had conceived the crime. [*Id.,* pp 622-623.]

Defendant attempts to distinguish *Duke* from the present case by arguing that Officer Bowman instigated and formulated the details of the transaction. Based on the record, we disagree. Officer

Bowman's uncontradicted testimony established that he made cocaine purchases from Swistak on two occasions prior to the transaction in question. The record also reveals that Swistak instigated the sale to defendant by inquiring whether Bowman had successfully found a marijuana source and by volunteering, without a prior request by Bowman, to find a buyer for Bowman's marijuana. Moreover, Bowman testified that he had fabricated the Florida story only as a way to substitute his partner into a preexisting drug investigation involving Swistak. The idea for the crime clearly did not originate with the police. Rather, the police merely accepted the assistance of Swistak and defendant, who conceived of the crime. We find nothing reprehensible in the police conduct.

We recognize that some jurisdictions have held that the government's conduct in providing drugs is "reprehensible." However, we refuse to adopt a similar per se rule. Such a rule would inhibit otherwise legitimate law enforcement techniques which are oftentimes the only way the police can obtain evidence in drug-related offenses. When approached by an individual who instigates the commission of a crime, the police should not be required to turn their backs. Thus, we find that the defendant's authority should not control the disposition of the case.

Under the circumstances of this case, the trial court's finding of entrapment under the objective test was clearly erroneous. Therefore, the decision of the trial court suppressing the evidence and dismissing the charge against the defendant is reversed.

Reversed and remanded.

BRONSON, P.J., did not participate.

J. E. TOWNSEND, J. *(concurring)*. I concur in the

result. The charge against defendant in this case was conspiracy to possess marijuana with intent to deliver, not delivery of marijuana or possession with intent to deliver marijuana. The offense of conspiracy is committed before the criminal purpose is accomplished. *People v Carter,* 415 Mich 558, 568-569; 330 NW2d 314 (1982).

The actual transfer of possession of the marijuana to defendant's alleged coconspirators occurred after the alleged conspiracy was complete. Unlike the facts in *People v Stanley,* 68 Mich App 559; 243 NW2d 684 (1976), and *Hampton v United States,* 425 US 484; 96 S Ct 1646; 48 L Ed 2d 113 (1976), relied upon by defendant, the case against defendant does not rest on a delivery or possession of marijuana made possible by police-furnished contraband.

The transfer of marijuana by police to defendant's coconspirators was neither an element of the crime charged nor a condition precedent which made the conspiracy possible.

Furthermore, defendant's involvement with coconspirators Cook and Swistak did not result from any police urging or pressure on defendant. Indeed, initial arrangements among the coconspirators occurred before Bowman met defendant for the first time.