PEOPLE v HOLST

Docket No. 119478. Submitted July 11, 1990, at Lansing. Decided
    August 3, 1990.
  Thomas S. Holst was charged with controlled substances offenses
    following his purchase of a quantity of cocaine from an under-
    cover police officer. The Jackson Circuit Court, Russell E.
    Noble, J., dismissed the charges on the basis that they arose
    out of entrapment by the police. The prosecution appealed.
      The Court of Appeals *held:*
      The trial court's determination of entrapment was clearly
    erroneous. The officer's conduct was neither reprehensible per
    se, nor of the kind that would induce the commission of a crime
    by one not ready and willing to do so.
      Reversed.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Joseph S. Filip,* Prosecut-
ing Attorney, and *Jerrold Schrotenboer,* Chief Ap-
pellate Attorney, for the people.

*Jerome A. Susskind,* for the defendant.

Before: BRENNAN, P.J., and MacKENZIE and
WEAVER, JJ.

PER CURIAM. The prosecution appeals as of right
from an order of the Jackson Circuit Court which
dismissed controlled substance charges filed
against defendant on the basis of entrapment. We
reverse.

The undercover officer's conduct in selling defen-
dant cocaine was not reprehensible per se. Rather,
it was only one factor among all the other facts of
the case to be considered in determining whether
there was entrapment. *People v Forrest,* 159 Mich

App 329, 336; 406 NW2d 290 (1987), lv den 429 Mich 857 (1987). Here, the undercover officer did not initiate the sale, pressure defendant to purchase the drugs, or exploit the defendant's friendship, sympathy, or personal need for drugs. The officer's conduct was neither reprehensible per se, nor of the kind that could induce the commission of a crime by one not ready and willing to do so regardless of the character or propensities of that particular person. Defendant was merely afforded an opportunity to commit a crime. *People v D'Angelo,* 401 Mich 167, 172, n 4; 257 NW2d 655 (1977). The trial court's determination that defendant had been entrapped was clearly erroneous. *Id.,* 183.

Reversed.