PEOPLE v GRIFFIN

Docket No. 119479. Submitted December 5, 1990, at Lansing. Decided
January 9, 1991, at 9:20 A.M.

L.J. Griffin was charged in the Jackson Circuit Court with deliv-
ery of less than fifty grams of cocaine and with being an
habitual offender, third offense. The court, Russell E. Noble, J.,
dismissed the charges, ruling that the defendant had been
entrapped. The prosecution appealed.

The Court of Appeals *held:*

1. Entrapment exists where the governmental activity in
question would induce a person not ready and willing to
commit the crime to engage in criminal activity.

2. In this case, the trial court clearly erred in ruling that the
defendant was entrapped. The actions of the undercover police
officer who sold the cocaine to the defendant would not have
induced an unwilling person to engage in criminal activity.

Reversed.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Joseph S. Filip,* Prosecut-
ing Attorney, and *Jerrold Schrotenboer,* Chief Ap-
pellate Attorney, for the people.

*Mazur & Matyjaszek, P.C.* (by *Alfred P. Brandt*),
for the defendant.

Before: HOOD, P.J., and WEAVER and MARILYN
KELLY, JJ.

PER CURIAM. The people appeal as of right from
the circuit court's order dismissing criminal
charges against defendant on the basis of a finding
of entrapment. Defendant was charged with deliv-
ery of less than fifty grams of cocaine and with
being an habitual offender, third offense. MCL

333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv); MCL 769.11; MSA 28.1083. We reverse.

On February 16, 1989, undercover police officer Maria Medina was working on a street corner in the City of Jackson. The police had information that controlled substances were being sold openly at the intersection where Medina was stationed. Her specific instructions were to stand on the corner and sell cocaine to anyone who asked to buy it. Medina was told not to initiate conversation about drugs.

At approximately 10:30 P.M., defendant approached the corner. After a greeting, he told Medina he was "looking for a ten." A ten refers to a ten dollar rock of cocaine. Medina stated that she had no tens, only twenties. Defendant asked if she would sell him a twenty for ten dollars. She did, and defendant was arrested a short time later.

Defendant claimed that Medina called him over and told him that she had some cocaine. He told her that he did not have twenty dollars and began walking away. She then offered to sell him a twenty for ten dollars.

For purposes of the entrapment hearing, the judge accepted the police officer's version of the events. He then held that defendant had been entrapped as a matter of law, relying on *Saunders v People,* 38 Mich 218 (1878).

In an entrapment hearing, the defendant bears the burden of proving by a preponderance of the evidence that law enforcement officials were engaged in reprehensible behavior to obtain a conviction. We examine the facts of each case to determine whether the governmental activity involved would induce someone not ready and willing to commit the crime to engage in criminal activity. The trial judge's findings on the issue are subject to appellate review under the clearly erroneous

standard. *People v Jamieson,* 436 Mich 61; 461 NW2d 884 (1990); *People v D'Angelo,* 401 Mich 167, 183; 257 NW2d 655 (1977). The fact that the government supplies the contraband is only one factor relevant to the entrapment analysis. *Jamieson; People v Holst,* 186 Mich App 473; 465 NW2d 16 (1990).

In *Jamieson,* the Supreme Court reaffirmed this state's use of the objective test in determining whether there has been entrapment. Discussing *Saunders,* the Court recognized that the conduct described in 1878 as "scandalous and reprehensible" would now be fairly considered by most to be "effective law enforcement activity." *Jamieson,* pp 88-89.

In the instant case, we conclude that the governmental behavior under scrutiny would not induce an unwilling person to engage in criminal activity. The police had information that drug activity was taking place in the area. The undercover officer did not solicit defendant to buy drugs. A person not otherwise disposed to criminal activity would have continued walking. The trial court erred in dismissing the charges.

Reversed.